IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| MARK T. STINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-02077-SHM-tmp |
| | ) | |
| JUDGE JOHN T. FOWLKES, JR., | ) | |
| DAMON KEITH GRIFFIN, NATHAN | ) | |
| PATRICK BROOKS, ARTHUR E. | ) | |
| QUINN, PATRICK E. STEGALL, | ) | |
| LARRY C. MILLER, CHANCELLOR | ) | |
| JOEDAE L. JENKINS, RICKY E. | ) | |
| WILKINS, ARCHIE SANDERS, | ) | |
| BETTY WILLIAMS, AND NATHAN | ) | |
| BURTON, | ) | |
| | ) | |
| Defendants. | | |

---

ORDER ADOPTING REPORT AND RECOMMENDATIONS AND DISMISSING CASE
WITHOUT PREJUDICE

---

Before the Court are three Report and Recommendations issued by the Magistrate Judge (ECF Nos. 41, 50, 65) recommending that Plaintiff Mark T. Stinson's Amended Complaint (the "Complaint") (ECF No. 16) be dismissed and that several Motions Plaintiff has filed (ECF Nos. 38, 48, 59-63) be denied. Also before the Court are Motions Plaintiff has filed since the last Report. (ECF Nos. 66, 67, 69.) Plaintiff has only filed timely objections (ECF No. 43) to the Report recommending that his Complaint be dismissed (ECF No. 41).

For the reasons discussed below, Plaintiff's objections to the Report recommending that his Complaint be dismissed are OVERRULED, and the findings and conclusions of the Magistrate Judge's Report are ADOPTED, as modified in this Order. This case is DISMISSED WITHOUT PREJUDICE.

Plaintiff's untimely objections to the Magistrate Judge's Reports recommending that Plaintiff's Motions (ECF Nos. 38, 48, 59-63) be denied are deemed WAIVED, the Magistrate Judge's Reports are ADOPTED, and the Motions are DENIED. Plaintiff's remaining Motions (ECF Nos. 66, 67, 69.) are DENIED AS MOOT.

## I.    Background

In December 2023, Plaintiff, who is proceeding pro se, filed several complaints in the Southern District of Florida. (ECF No. 14.) On January 11, 2024, U.S. District Judge Roy K. Altman ordered the cases consolidated and directed Plaintiff to file a single amended complaint.[1] (ECF No. 14.) On January 16, 2024, Plaintiff filed his Amended Complaint. (ECF. No 16.) On February 5, 2024, Judge Altman found venue improper in the Southern District of Florida and ordered Plaintiff's claims against the Tennessee Defendants severed and transferred to the Western District of Tennessee. (ECF No. 28.)

---

[1] Plaintiff paid the filing fee, at minimum, for the Southern District of Florida case into which his other cases in that District were consolidated. (ECF No. 5.)

Plaintiff's instant Complaint is one of many filed in or transferred to the Western District of Tennessee addressing his 2017 federal criminal trial for various tax crimes, which led to his conviction and a sentence of imprisonment, and a contemporaneous 2017 Shelby County Chancery Court proceeding[2] affecting the business entity through which Plaintiff was found to have committed tax crimes in Plaintiff's federal trial.[3] See United States v. Mark Stinson, No. 2:16-cr-20247-001-JTF (ECF Nos. 83 & 85).

In his Complaint, Plaintiff alleges, as he has previously, that many of the individuals in Plaintiff's federal criminal trial

---

[2] The exact nature of the Chancery Court proceeding (CH-17-0002) is unclear from the instant Complaint. However, another case Plaintiff has filed suggests that the proceeding arose from a dispute between Plaintiff and a party from whom Plaintiff's business had taken out a loan. The dispute turned on the proper recipient of the business's accounts receivable from a client. The Chancellor ordered the client to pay the monies to the Chancery Court Clerk and Master until the dispute had been resolved. Ultimately, the Chancellor ordered the monies paid to the lender rather than to Plaintiff or his business. See 25-2195, ECF No. 1 at 4, 6,11, 36.

[3] Plaintiff's other cases filed in or transferred to the Western District of Tennessee arising out of the same set of facts and asserting substantially the same claims against the same defendants include: (1) 19-2867 (§ 1983 claim against Defendants Fowlkes, Griffin, Brooks, Quinn, Stegall, and Jenkins); (2) 20-2886 (§ 1983 claim against Defendants Wilkins and Sanders); (3) 21-2128 (§ 1983 and Bivens claims against Fowlkes, Griffin, Brooks, Quinn, Stegall, Jenkins, and Miller); (4) 21-2148 (§ 1983 claim against Fowlkes, Griffin, Brooks, Quinn, Stegall, and Jenkins, consolidated with 21-2128); (5) 22-2538 (unspecified civil rights claim against Williams); (6) 22-2576 (§ 1983 claim against Williams and Burton); (7) 22-2694 (§ 1983 claim and construed Bivens claim against Fowlkes, Griffin, Brooks, Quinn, Stegall, fMiller, Jenkins, Wilkins, and Sanders); (8) 22-2823 (§ 1983 claim against Williams and Burton, consolidated with 22-2576); (9) 24-2532 (§ 1983 claim against Fowlkes, Griffin, and Brooks); (10) 24-2533 (§ 1983 claim against Fowlkes and the Memphis U.S. Attorney's Office); (11) 24-2870 (§ 1983 claim Fowlkes, Griffin, Brooks, Quinn, Stegall, Miller, Jenkins, Wilkins, Sanders, Williams, and Burton); (12) 25-2292 (§ 1983 claim against Brooks and Griffin). Plaintiff has collaterally challenged his conviction in the following § 2255 and § 2241 cases in the Western District of Tennessee: 18-2807 (§ 2255), 19-2035 (§ 2241), 21-2605 (§ 2255), 21-2526 (§ 2255), and 22-2575 (§ 2255).

violated his federal constitutional and/or statutory rights. (ECF.
No 16.) Plaintiff names as Defendants the federal judge who
sentenced him, Judge John T. Fowlkes, Jr.; the federal prosecutors
who prosecuted him, Damon Keith Griffin and Nathan Patrick Brooks;
the attorneys who represented him, Arthur E. Quinn, Patrick E.
Stegall, and Larry C. Miller; and the witnesses who testified
against him, Betty Williams and Nathan Burton. (ECF. No 16.)
Plaintiff alleges, as he has previously, that individuals
participating in the Chancery Court proceeding violated
Plaintiff's federal constitutional and/or statutory rights. (ECF.
No 16.)  Plaintiff names as Defendants the Chancellor who presided
over the Chancery Court proceedings, Chancellor Joedae L. Jenkins,
and the attorneys who represented Plaintiff, Ricky E. Wilkins and
Archie Sanders. (ECF. No 16.)  Plaintiff brings his claims under
42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Agents, 403
U.S. 388 (1971) against all Defendants in their official and
individual capacities. (ECF No. 16.)

On August 5, 2025, the Magistrate Judge issued his first
Report recommending that the Complaint be dismissed for lack of
subject matter jurisdiction pursuant to FRCP 12(b)(1). (ECF No.
41.)  Objections to the Magistrate Judge's Report were due on
August 19, 2025. Plaintiff filed timely objections on August 11,
2025. (ECF No. 43.)

Plaintiff filed a Motion for Summary Judgment on May 19, 2025 (ECF No. 38) and a Motion for Entry of Default Judgment on August 28, 2025 (ECF No. 48). On September 4, 2025, the Magistrate Judge issued a second Report recommending that both Motions be denied. (ECF No. 50.) Objections to the Magistrate Judge's Report were due on September 18, 2025. Plaintiff filed untimely objections on October 14, 2025 (ECF No. 56) and again on December 1, 2025 (ECF No. 62).

Plaintiff then filed several Motions in November and December 2025 (ECF Nos. 59-63). On December 19, 2025, the Magistrate Judge issued a third Report recommending that the Motions be denied. (ECF No. 65.) Objections to the Magistrate Judge's Report were due on January 2, 2026. Plaintiff filed untimely objections on January 5, 2025. (ECF No. 68.)

Plaintiff filed several more Motions in December 2025 and January 2026 (ECF Nos. 66, 67, 69).

Plaintiff has filed timely objections (ECF No. 43) to the Magistrate Judge's Report (ECF No. 41) recommending that his Amended Complaint (ECF No. 16) be dismissed. Because Plaintiff's objections (ECF Nos. 56, 62, 68) to the two Report and Recommendations (ECF Nos. 50, 65) recommending that Plaintiff's Motions (ECF Nos. 38, 48, 59-63) be dismissed were untimely, those objections are deemed waived. See Fed. R. Civ. P. 59(b)(2) ("Within 14 days after being served with a copy of the recommend

disposition . . . a party may serve and file specific written
objections to the proposed findings and recommendations . . . .
*Failure to object in accordance with this rule waives a party's
right to review.*") (emphasis added)).

## II.   Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the
federal judiciary by permitting the assignment of district court
duties to magistrate judges. See United States v. Curtis, 237 F.3d
598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S.
858, 869–70 (1989)). For dispositive matters, "[t]he district
judge must determine de novo any part of the magistrate judge's
disposition that has been properly objected to." See Fed. R. Civ.
P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence,
the court is free to accept, reject, or modify the magistrate
judge's proposed findings or recommendations. 28 U.S.C. §
636(b)(1). The district court is not required to review—under a de
novo or any other standard—those aspects of the report and
recommendation to which no objection is made. See Thomas v. Arn,
474 U.S. 140, 150 (1985). The district court may simply adopt the
magistrate judge's findings and rulings to which no specific
objection is filed. See id. at 151.

Objections to any part of a magistrate judge's disposition
"must be clear enough to enable the district court to discern
those issues that are dispositive and contentious." Miller v.

6

Currie, 50 F.3d 373, 380 (6th Cir. 1995). Each objection to the
magistrate judge's recommendation should include how the analysis
is wrong, why it was wrong, and how de novo review will obtain a
different result on that particular issue. See Howard v. Sec'y of
Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). A
general objection, or one that merely restates the arguments
previously presented and addressed by the magistrate judge, does
not sufficiently identify alleged errors in the report and
recommendation. Id.

       "Pro se plaintiffs enjoy the benefit of a liberal
construction of their pleadings and filings." Boswell v. Mayer,
169 F.3d 384, 387 (6th Cir. 1999). That liberal standard may
require "active interpretation" in some cases. Franklin v. Rose,
765 F.2d 82, 85 (6th Cir. 1985). However, pro se litigants must
adhere to basic pleading standards, and courts are not required to
develop allegations on litigants' behalf. Martin v. Overton, 391
F.3d 710, 714 (6th Cir. 2004).

**III. Analysis**

       The Magistrate Judge's Report recommends that Plaintiff's
Complaint be dismissed for lack of subject matter jurisdiction
pursuant to Federal Rule of Civil Procedure 12(b)(1), citing Apple
v. Glenn. (ECF No. 41 at 1.) In Apple v. Glenn, the Sixth Circuit
held that a district court is permitted to "*sua sponte* dismiss a
[fee-paid] complaint for lack of subject matter jurisdiction

pursuant to Rule 12(b)(1) . . . when the allegations of a
complaint are totally implausible, attenuated, unsubstantial,
frivolous, devoid of merit, or no longer open to discussion."
Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam),
*cert. denied*, 528 U.S. 1198 (2000) (citing Hagans v. Lavine, 415
U.S. 528, 536-37 (1974)).

The Magistrate Judge finds that "[Plaintiff's] complaint
warrants *sua sponte* dismissal under Apple v. Glenn for at least
two reasons." (ECF No. 41 at 9.) First, "[Plaintiff's] allegations
of a broad conspiracy between federal and state court judges,
federal prosecutors, and his attorneys to send him to jail so that
they could steal his business plans for an online food delivery
service are 'totally implausible' and thus deprives the court of
subject matter jurisdiction." Id. Second, "[Plaintiff's] complaint
is no longer open to discussion because it is barred under the
doctrine of *res judicata*." Id.

In his objections, Plaintiff clearly contests the Magistrate
Judge's determination that his Complaint is barred by the doctrine
of *res judicata*. (ECF No. 43 at 2.) Plaintiff does not appear to
object specifically to the first ground the Report cites for *sua
sponte* dismissal of the Complaint – that the factual allegations
in the Complaint are so "totally implausible" that they deprive
the Court of subject matter jurisdiction. However, the Court
liberally construes Plaintiff as objecting to the overarching

power of the Court to raise issues independently that would be
grounds for dismissing his Complaint absent an appearance or
response by Defendants and to dismiss his fee-paid Complaint on
those grounds. (ECF No. 43 at 2.) ("The court is prejudicing
Plaintiff because the Magistrate Judge is making the decisions for
the Defendants which have been SERVE [sic] but have not appeared
or responded.")

Construing Plaintiff's objections liberally, they address the
Report's primary conclusion that the Court lacks subject matter
jurisdiction over Plaintiff's Complaint and that the Complaint
must be dismissed *sua sponte*.

### A.   The Court Has the Authority to Dismiss *Sua Sponte* Factually and Legally Frivolous Complaints Under 12(b)(1)

Under Supreme Court and Sixth Circuit precedent, federal
courts are not only empowered but obligated to dismiss cases *sua
sponte* when they lack subject matter jurisdiction, irrespective of
whether defendants have appeared, responded, or raised the issue.
"Federal courts are courts of limited jurisdiction. They possess
only that power authorized by Constitution and statute . . . ."
Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377
(1994) (internal citations omitted). "For that reason, courts are
'obligated' to assure themselves of subject matter jurisdiction
*sua sponte*, *whether a party raises the issue or not*." Lynch v.
Tennessee, No. 3:16-cv-03034, 2017 WL 6462345, at *3 (M.D. Tenn.
Sept. 25, 2017) (emphasis added) (quoting Gonzalez v. Thaler, 565

U.S. 134, 141 (2012); see Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under the Federal Rules of Civil Procedure, "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

When subject matter jurisdiction is based on a federal question, under 28 U.S.C. § 1331, rather than on diversity of citizenship, under 28 U.S.C. § 1332, the Supreme Court has held that "'it is essential to jurisdiction that a substantial federal question should be presented.'" Hagans, 415 U.S. at 537 (quoting Ex parte Poresky, 290 U.S. 30, 31(1933)). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction" that present a "plainly unsubstantial" federal question. Id. at 536-37 (internal quotations and citations omitted). "Constitutional insubstantiality for this purpose has been equated with such concepts as essentially fictitious, wholly insubstantial, obviously frivolous [,] and obviously without merit." Id. at 537 (internal quotations and citations omitted).

"[W]hen the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion", the Sixth Circuit has

held that "a district court may, *at any time*, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." Apple, 183 F.3d at 479 (citing Hagans, 415 U.S. at 536-37).

The Supreme Court has expanded on what it means for a complaint to be wholly insubstantial, obviously frivolous, and devoid of merit warranting *sua sponte* dismissal.[4] Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Id.

A claim that "lacks an arguable basis in law," meriting *sua sponte* dismissal for lack of subject matter jurisdiction, is a "claim based on an *indisputably* meritless legal theory." Id. (emphasis added). Claims of this type include "claims against which it is clear that the defendants are immune from suit . . . ." Id. at 327; see Odom v. Martin, No. 99-6208, 2000 WL 1176883, at *2 (6th Cir. Aug. 11, 2000)("[T]he district court correctly dismissed [Plaintiff's] action for lack of subject matter jurisdiction . . .

---

[4] Although the Supreme Court has defined what it means for a complaint to be wholly insubstantial, obviously frivolous, and devoid of merit in the context of *sua sponte* dismissals of *in forma pauperis* complaints under 28 U.S.C. § 1915(e), the Sixth Circuit has routinely applied this definition in the context of Rule 12(b)(1) Apple dismissals. See, e.g., Hassink v. Mottl, 47 F. App'x 753, 755 (6th Cir. 2002) (affirming *sua sponte* dismissal of complaint that "lacked an arguable basis in law" for lack of subject matter jurisdiction under 12(b)(1)) (citing Neitzke, 490 U.S. at 325); Madkins v. City of Memphis, 20 F. App'x 335, 337 (6th Cir. 2001) (same).

. [Plaintiff's] complaint is frivolous since all of the named defendants are immune from liability.") (citing <u>Neitzke</u>, 490 U.S. at 327–28).

Courts in the Sixth Circuit have found claims barred by claim preclusion and claims against private actors under § 1983 and <u>Bivens</u> to be legally frivolous, meriting *sua sponte* dismissal under 12(b)(1). <u>See, e.g.</u>, <u>Murphy v. United States</u>, No. 05-2407-B/P, 2005 WL 1923165, at *3 (W.D. Tenn. Aug. 1, 2005) ("[Plaintiff's] contentions are legally frivolous in this Court because they are based on an 'indisputably meritless legal theory' of seeking relief twice on the same claims or issues . . . they are inadequate to invoke this Court's subject matter jurisdiction.") (quoting <u>Neitzke</u>, 490 U.S. at 327); <u>Liu v. Runyan</u>, 46 F. App'x 253, 254 (6th Cir. 2002) (affirming <u>Apple</u> dismissal of § 1983 claim against private actor not alleged to be a state actor because "[Plaintiff's] allegations were not sufficient to invoke jurisdiction").

Claims that "lack an arguable basis in fact," meriting *sua sponte* dismissal for lack of subject matter jurisdiction, are "claims whose factual contentions are clearly baseless."[5] <u>Neitzke</u>,

---

[5] When evaluating a complaint for factual frivolousness, courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327.

490 U.S. at 325, 327. Claims of this type include "claims describing fantastic or delusional scenarios . . . ." Id. at 328.

Courts in the Sixth Circuit have found allegations of "exotic torture methods," government surveillance, and "nationwide conspiracies by federal officials, presidents, or public figures" to be "quintessential examples of fanciful allegations." See Bardes v. Bush, No. 1:22-cv-290, 2023 WL 2364664, at **1, 8 (S.D. Ohio Mar. 6, 2023), affirmed as modified at 2023 WL 9318039 (6th Cir. Dec. 4, 2023), cert. denied, 144 S.Ct. 1061 (2024) (finding fanciful allegations where Plaintiff alleged that "President George W. Bush, Vice President Dick Cheney, and others have used hypothermic torture . . . on him . . . [and] are in cahoots with Microsoft, Google, Apple, and the current or former CEOs of those companies to silence his research and writings, including through attempts to kill him."); Bardes v. Cole, No. 1:24 CV 701, 2025 WL 3628215, at *4 (S.D. Ohio Dec. 15, 2025) ("Courts routinely dismiss frivolous complaints like this one, which allege nationwide conspiracies by federal officials, presidents, or public figures, but lack any coherent factual basis.")

Contrary to Plaintiff's objections, there is considerable authority for federal courts to screen a fee-paid complaint such as this sua sponte to determine whether it is based on an indisputably meritless legal theory or clearly baseless factual contentions,

depriving the court of the subject matter jurisdiction to adjudicate the claims.

**B.    Plaintiff's Complaint Should be Dismissed *Sua Sponte* Under 12(b)(1) as Factually Frivolous**

The Magistrate Judge finds that Plaintiff's Complaint is factually frivolous, depriving the Court of subject matter jurisdiction, because "Plaintiff's allegations of a broad conspiracy between federal and state court judges, federal prosecutors, and his attorneys to send him to jail so that they could steal his business plans for an online food delivery service are 'totally implausible[.]'" (ECF No. 41 at 9) (quoting Apple, 183 F.3d at 479).

Plaintiff's objections do not specifically contest this finding. In fact, Plaintiff appears to limit his objections to the finding that his Complaint is barred by claim preclusion. (ECF No. 43 at 1.) ("[T]he Plaintiff . . . respectfully object[s] to the . . . Report and Recommendation (R&R) insofar as it concludes that the present complaint is barred by the doctrine of res judicata.")

The Court has liberally construed Plaintiff's broader objection to the Court's power to raise issues *sua sponte* that would constitute grounds for dismissing his Complaint in the absence of an appearance or response by Defendants as, in part, an objection to the Magistrate Judge's factual finding. The Court has reviewed *de novo* a federal court's authority to dismiss a complaint *sua sponte* for lack of subject matter jurisdiction.

Plaintiff has made no other objection to dismissing his case for lack of subject matter jurisdiction under Apple as factually frivolous.

The Court is not required to review those aspects of the report to which no objection is made and may simply adopt unobjected-to findings and conclusions. See Arn, 474 U.S. at 150. Therefore, the Court adopts the Report's conclusion that the factual allegations in Plaintiff's Complaint are so totally implausible as to deprive the Court of subject matter jurisdiction over the Complaint, warranting *sua sponte* dismissal of the Complaint under Rule 12(b)(1) and Apple.

Because factual frivolousness is an independently sufficient ground for dismissing Plaintiff's Complaint for lack of subject matter jurisdiction, the Court need not reach the Report's conclusions about the application of claim preclusion to Plaintiff's Complaint or Plaintiff's objections to those conclusions. For the sake of completeness, however, the Court will address the Magistrate Judge's conclusion that Plaintiff's Complaint separately warrants *sua sponte* dismissal as legally frivolous and Plaintiff's objections to that finding.

   **C.   Plaintiff's Complaint Should be Dismissed *Sua Sponte* Under 12(b)(1) as Legally Frivolous**

The Magistrate Judge concludes, in effect, that Plaintiff's Complaint is legally frivolous, depriving the Court of subject matter jurisdiction. The Magistrate Judge concludes that

15

"[Plaintiff's] complaint is no longer open to discussion because it is barred under the doctrine of *res judicata*." (ECF No. 41 at 9.) Plaintiff contests the Magistrate Judge's conclusion that his Complaint is barred by *res judicata*. (ECF No. 43 at 2.)

On *de novo* review, the Court concludes that claim preclusion does not render Plaintiff's Complaint legally frivolous in its entirety. Only one of Plaintiff's prior cases has preclusive effect on Plaintiff's current claims. That prior case does not preclude all of Plaintiff's claims against Defendants.

All of Plaintiff's claims against Defendants are nevertheless legally frivolous because they seek damages from (1) Defendants who are absolutely immune from civil liability or (2) private parties who do not act under the color of state or federal law as required for a § 1983 or Bivens claim.

### 1. Claim Preclusion Does Not Render Plaintiff's Complaint Legally Frivolous in its Entirety

The doctrine of *res judicata*, or claim preclusion, provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).

In the Sixth Circuit, a prior action precludes a subsequent action when four conditions are met: (1) the prior action resulted in a final judgment on the merits ("final judgment on the merits"); (2) the subsequent action is between the same parties or

their "privies" as the first action ("identity of the parties");
(3) the claim or issue in the subsequent action was actually
litigated or should have been litigated in the prior action
("issue actually litigated"); and (4) the subsequent action
involves the same causes of action or claims ("identity of the
causes of action"). See Browning v. Levy, 283 F.3d 761, 771-73
(6th Cir. 2002).

The Magistrate Judge concludes that all four elements of
claim preclusion are satisfied and that Plaintiff's Complaint is
barred in its entirety by Plaintiff's prior actions. (ECF No. 41
at 10-12.) Plaintiff objects to the conclusion that the "final
decision on the merits" and "identify of claims" elements of claim
preclusion are satisfied. (ECF No. 43 at 2, 4). In reviewing claim
preclusion conclusions *de novo*, the Court need only address in
detail the first element of claim preclusion: a final judgment on
the merits.

The Report states that "[Plaintiff] has filed several
complaints in the Western District of Tennessee, all of which have
resulted in a final judgment on the merits" and cites specific
cases that were "dismiss[ed] . . . on various grounds[.]"[6] (ECF No.

---

[6] The Report cites: (1) Stinson v. Fowlkes, No. 2:22-cv-02694-SHM-tmp, 2023 WL
3938880, at *3-6 (W.D. Tenn. June 9, 2023) (dismissing Plaintiff's amended §
1983 and Bivens claims against Judge Fowlkes, Griffin, Brooks, Quinn, Stegall,
Miller, Wilkins, Sanders, and Chancellor Jenkins on various grounds), appeal
dismissed, No. 23-5869, 2023 WL 9063672 (6th Cir. Dec. 14, 2023); (2) Stinson v.
Williams, No. 2:22-cv-02576-SHM-tmp, 2023 WL 146267, at *5-7 (W.D. Tenn. Jan.
10, 2023) (dismissing Plaintiff's § 1983 and Bivens claims against Williams and
Burton on various grounds; appeal not filed).

41 at 10.) Plaintiff objects that "the R&R may have misapplied the 'final decision on the merits' requirement," although for inapplicable reasons.[7] (ECF No. 43 at 4.)

Only one of Plaintiff's prior twelve actions[8] – one that does include all the Defendants or claims in the instant case – resulted in a final judgment on the merits with preclusive effect on Plaintiff's current Complaint.

###    a.    Only One of Plaintiff's Prior Cases Has Claim Preclusive Effect on Plaintiff's Current Claims

In eight of Plaintiff's twelve prior cases in the Western District of Tennessee, including the two cases cited in the Report, Plaintiff was granted leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a).[9] In the instant case, Plaintiff has paid the filing fee. (ECF No. 5.) The distinction in paying status matters for application of claim preclusion. Under 28 U.S.C. § 1915(e), federal courts screen and *sua sponte* dismiss complaints filed *in forma pauperis* under § 1915(a) that are frivolous, malicious, or fail to state a claim. 28 U.S.C. § 1915(e)(2)(B). Each of Plaintiff's eight prior IFP cases was

---

[7] Plaintiff argues that the Report may have misapplied the "final decision on the merits" element because "a dismissal for lack of standing . . . is not a final decision on the merits for res judicata purposes." (ECF No. 43 at 4.) None of Plaintiff's prior cases was dismissed for lack of standing.

[8] See cases cited supra note 2.

[9] See 20-2886, ECF No. 4 (W.D. Tenn. Dec. 9, 2020); 21-2128, ECF No. 7 (W.D. Tenn. Apr. 19, 2021); 21-2148, ECF No. 4 (W.D. Tenn. Mar. 18, 2021); 22-2576, ECF No. 4 (W.D. Tenn. Sept. 1, 2022); 22-2694, ECF No. 7 (W.D. Tenn. Oct. 28, 2022); 22-2823, ECF No. 35 (W.D. Tenn. Jan. 10, 2023); 24-2870, ECF No. 8 (W.D. Tenn. Dec. 12, 2024); 25-2292, ECF No. 24 (W.D. Tenn. Aug. 4, 2025).

dismissed with prejudice for failure to state a claim under 28
U.S.C. § 1915(e)(2)(B)(ii).[10] However, the dismissal of an action
under 28 U.S.C. § 1915(e) "is not a dismissal on the merits, but
rather an exercise of the court's discretion under the *in forma
pauperis* statute . . . [and] does not prejudice the filing of a
*paid complaint* making the same allegations." Denton v. Hernandez,
504 U.S. 25, 34 (1992)(emphasis added); see also Davis v. Butler
Cty., Ohio, 658 F. App'x 208, 213 (6th Cir. 2016) ("Because the
holding in Denton suggests that dismissal under § 1915(e) operates
as an adjudication on the merits only as to future complaints
filed *in forma pauperis*, . . ., we have reason to doubt the
soundness of the district court's conclusion that Davis's second,
paid complaint was barred by *res judicata*.") Thus, under Denton,
the IFP dismissals, including the two cases the Report cites, do
not operate as final judgments on the merits with preclusive
effect on the instant fee-paid Complaint, although the Complaint
alleges substantially the same claims against substantially the
same Defendants.

Of the remaining four of Plaintiff's twelve prior cases in
the Western District of Tennessee, one was voluntarily dismissed

---

[10] See 20-2886, ECF No. 7 (W.D. Tenn. Mar. 5, 2021); 21-2128 & 21-2148, ECF No.
12 (W.D. Tenn. Sept. 9, 2021); 22-2576 & 22-2823, ECF No. 13 (W.D. Tenn. Jan.
10, 2023) (dismissing consolidated case with prejudice for failure to state a
claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); 22-2694, ECF No. 37 (W.D.
Tenn. June 9, 2023); 24-2870, ECF No. 12 (W.D. Tenn. Sept. 11, 2025); 25-2292,
ECF No. 30 (W.D. Tenn. Dec. 2, 2025) (recommending dismissal for failure to
state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

on Plaintiff's motion under FRCP 41(a).[11] The other three were
involuntarily dismissed under FRCP 41(b) for failure to prosecute
because Plaintiff had failed to comply with IFP requirements as
ordered.[12] An involuntary dismissal for failure to prosecute under
FRCP 41(b) "operates as an adjudication on the merits" with
preclusive effect unless the dismissal order states otherwise.
Fed. R. Civ. P. 41(b); see Bragg v. Flint Bd. Of Educ., 570 F.3d
775, 777 (6th Cir. 2009) ("By its plain language, an involuntary
dismissal under Federal Rule of Civil Procedure 41(b) constitutes
an adjudication on the merits and carries preclusive effect.") The
dismissal order in two of the three 41(b) dismissals expressly
states that the dismissal was "without prejudice" and so has no
preclusive effect on the current Complaint. [13]

Only one of Plaintiff's prior cases in the Western District
of Tennessee constitutes a final adjudication on the merits with
preclusive effect on the current Complaint: 19-2867, in which
Plaintiff brought a § 1983 claims against Defendants Fowlkes,
Griffin, Brooks, Quinn, Stegall, and Jenkins in an unspecified
capacity.

---

[11] See 22-2538, ECF No. 8 (W. D. Tenn. Aug. 31, 2022) (dismissing case on
Plaintiff's Motion).

[12] See 19-2867, ECF No. 18 (W.D. Tenn. Apr. 19, 2021) (dismissing case with
prejudice pursuant to Rule 41(b) for failure to comply with Court's IFP order);
24-2532, ECF No. 8 (Dec. 5, 2024) (dismissing case without prejudice pursuant to
Rule 41(b) for failure to comply with Court's IFP order); 24-2533, ECF No. 9
(Nov. 15, 2024) (dismissing case without prejudice pursuant to Rule 41(b) for
failure to comply with Court's IFP order)

[13] See supra note 12.

> **b.   Plaintiff's Prior Case with Preclusive Effect
> Does Not Extend to All Defendants or Claims in
> the Current Case**

There are numerous obstacles to relying on Case No. 19-2867 to bar the instant Complaint in its entirety.

First, the instant Complaint includes claims against Defendants who were not parties to the first action and who cannot be regarded as in privity with parties to the first action. In the prior action, Plaintiff sued Defendants Fowlkes, Griffin, Brooks, Quinn, Stegall, and Jenkins, all of whom Plaintiff names as Defendants in the instant action. In the instant action, however, Plaintiff also names Miller, Wilkins, Sanders, Williams, and Burton as Defendants. None of these newly-added parties – three private attorneys and two testifying witnesses (one a state employee, one a federal employee) – can be said to share one of the six narrow categories of privity recognized by the Supreme Court with the named Defendants in the first action – two judges (one federal judge, one county judge), two federal prosecutors, and two private attorneys. See Taylor v. Sturgell, 553 U.S. 880, 893-95 (2008). The dismissal of the first action does not preclude any of Plaintiff's claims against the newly-added Defendants in the instant action, Miller, Wilkins, Sanders, Williams, and Burton.

Second, under "the rule of differing capacities," the prior action does not preclude all of the claims brought against

Defendants in the current action who *were* parties to the first
action. The rule of differing capacities provides that "[a] party
appearing in an action in one capacity, individual or
representative, is not thereby bound by or entitled to the
benefits of the rules of res judicata in a subsequent action in
which he appears in another capacity." Mitchell v. Chapman, 343
F.3d 811, 823 (6th Cir. 2003) (quoting Restatement Second of
Judgments § 36(2) (1982)); see also Leirer v. Ohio Bureau of Motor
Vehicles Compliance Unit, 246 F. App'x 372, 375 (6th Cir. 2007)
("In essence, suing [a party] in her official capacity is not the
same as suing her in her individual capacity.").

In the instant action, Plaintiff has sued Defendants Fowlkes,
Griffin, Brooks, Quinn, Stegall, and Jenkins in both their
individual and official capacities. (ECF No. 16 at 2-6.) In the
prior action, Plaintiff did not specify the capacity in which he
sued the same Defendants. See No. 19-2867, ECF No. 1 (W.D. Tenn.
Dec. 17, 2019).

Although it is preferable that a plaintiff state explicitly
whether a defendant is sued in his or her "individual capacity,"
the failure to do so is not fatal if the "course of proceedings"
indicates that the defendant received sufficient notice that the
intent was to hold the defendant personally liable. Moore v. City
of Harriman, 272 F.3d 769, 772 (6th Cir. 2001) (en banc). The
Sixth Circuit has applied a "course of proceedings" test to

22

determine whether § 1983 defendants have received notice of the
plaintiff's intent to hold a defendant personally liable.  Id. at
773; see Rashada v. Flegel, No. 23-1674, 2024 WL 1367436, at *3
(6th Cir. Apr. 1, 2024); see also Kentucky v. Graham, 473 U.S.
159, 167 n. 14 (1985) (noting that the "course of proceedings" in
unspecified capacity cases typically will indicate the nature of
the liability sought to be imposed). The "course of proceedings"
test considers such factors as the nature of the plaintiff's
claims, requests for compensatory or punitive damages, the nature
of any defenses raised in response to the complaint, and whether
subsequent filings put the defendant on notice of the capacity in
which he or she is sued.  Moore, 272 F.3d at 772 n.1 (citing Biggs
v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995)).  In Moore, the Sixth
Circuit found that the "course of proceedings" test satisfied
because the complaint "taken as a whole" likely provided
sufficient notice to the defendants that they were being sued as
individuals because the caption did not list the defendants'
titles, referred to the defendants throughout as the "individual
defendants," had language indicating the defendants were acting
for themselves, and requested damages against "each of the
defendants." Id. at 773. The Court also found that the plaintiff's
response to defendants' motion to dismiss clarified that the
plaintiff was suing the defendants in their individual capacities.
Id. at 773.

Here, unlike Moore, the caption of the Complaint on the *Pro
Se* Complaint Form in Case No. 19-2867, which only lists Judge
Fowlkes, includes Judge Fowlkes' official title. See No. 19-2867,
ECF No. 1 at 1 (W.D. Tenn. Dec. 17, 2019). The allegations in the
Complaint against Defendants Judge Fowlkes, Griffin, Brooks, and
Chancellor Jenkins primarily or solely refer to them by the office
they held or entity that employed them, not by name. Id. at 5-6.
For example, the allegations against Judge Fowlkes and Chancellor
Jenkins are made in terms of "*the court* did x." Id. ("The court
read the instruction wrong."). The allegations against Griffin and
Brooks are made in terms of "*the government* did x." See, e.g., id.
at 5 ("The government failed to summons the petitioner to the
grand jury hearing."). The allegations against Defendants Quinn
and Stegall are primarily made in terms of the job title of
"attorney," rather than by name. See, e.g., id. ("The attorney
failed to bring key witnesses to trial."). The Complaint also
"simply requests damages in general," rather than against each
individual defendant. Id. at 7-8; see Vittetoe v. Blount County,
Tennessee, 861 F. App'x 843, 851 (6th Cir. 2021).

Unlike Moore, Plaintiff's subsequent pleadings in Case No.
19-2867 would not have put Defendants on notice that they were
being sued in their individual capacities. Plaintiff's subsequent
motions repeated the allegations of the complaint in a generalized
format, e.g. "the court did x" and "the government did x." See,

24

e.g., No. 19-2867, ECF Nos. 5 at 6, 13 at 1, 15 at 6-7. Plaintiff
attempted to file an amended complaint in No. 19-2867 using an
updated *Pro Se* Complaint Form that provided a check box stating
whether Plaintiff was suing each defendant in his or her
individual capacity and/or official capacity.[14] No. 19-2867, ECF
No. 15 (W.D. Tenn. Feb. 12, 2021). On that Form, Plaintiff checked
only "official capacity" for the four Defendants the *pro se*
complaint form was able to accommodate – Judge Fowlkes, Griffin,
Brooks, and Quinn. Id. at 2-3. On his handwritten "Additional
Defendant Sheet," Plaintiff again did not specify the capacity in
which he sued Chancellor Jenkins, Stegall, or Miller. Id. at 4.
However, he re-attached the same typed-up pages of allegations
from his initial complaint, which primarily identified Chanceller
Jenkins as "the court" and Stegall and Miller as "the attorney,"
rather than by name. Id. at 6-7.

Plaintiff's § 1983 claims against the Defendants in the
original action were official capacity claims. The dismissal of
those claims does not have preclusive effect on the individual
capacity claims Plaintiff brings against the same Defendants in
this action. See Leirer, 246 F. App'x at 374-75 (construing claims
dismissed in first action as official capacity claims and

---

[14] The Clerk of the Court opened a new case under Case No. 21-2128 with
the attempted Amended Complaint Plaintiff filed in No. 19-2867.

reversing dismissal on *res judicata* grounds of individual capacity claims against same defendants in second action).

Plaintiff's Complaint cannot be dismissed in its entirety on *res judicata* grounds.

> **2.    Plaintiff's    Claims    Against    Absolutely    Immune Defendants are Legally Frivolous**

Plaintiff sues Defendants who are entitled to absolute immunity from civil liability under well-settled Supreme Court precedent, including judges carrying out their judicial functions, prosecutors initiating and pursuing criminal prosecutions, and witnesses testifying at grand juries and trials. Because Plaintiff's claims against these Defendants are based on an "indisputably meritless legal theory," they warrant *sua sponte* dismissal for lack of subject matter jurisdiction. See Neitzke, 490 U.S. at 325, 327.

> **a. Absolute Judicial Immunity: Fowlkes and Jenkins**

Plaintiff sues United States District Judge Fowlkes for alleged wrongdoing in presiding over Plaintiff's 2017 criminal trial and sentencing.[15] Plaintiff also sues Shelby County

---

[15] Seeking $9,000,000 from Judge Fowlkes, Plaintiff's Complaint alleges that "the court" – whom this Court interprets to indicate Judge Fowlkes (all errors in original):
(a) misread the jury instruction; (b) was given an email during trial but the email, was Not entered into the trial exhibits; (c) conspiracy; (d) agreed to an illegal superseded indictment and sealed it after trial; (e) abuse its statutory discretion; (f) failed to sua sponte a competency hearing; (g) prejudiced the petitioner; (h) violated the 6th Cir. P.R.1o1(a); (i) did nothing when the trial attorney told him that he was lying about the expert answer;(j) allowed the prosecutors two closing remarks and only one for the defense; (k) allowed the prosecutors to many picks for jurors; (l) misapprehending it statutory obligation under title 18 U.S.C. § 424(a); (m) failed to get an waiver from petitioner to satisfy his distraught and concerns; (n) denied the petitioner

Chancellor Jenkins for alleged wrongdoing in presiding over the

Chancery Court proceeding affecting Plaintiff's business.[16]

Judges, in the performance of their judicial functions, are

absolutely immune from civil liability. See Pierson v. Ray, 386

U.S. 547, 554 (1967); Stump v. Sparkman, 435 U.S. 349, 363-64

(1978). The "touchstone" of a judicial function is the

"performance of the function of resolving disputes between

parties, or of authoritatively adjudicating private rights."

Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993)

(internal citations and quotations omitted); see also Lucas v.

Holland, No. 16-2309-JDT-cgc, 2017 WL 1088300, at *5 (W.D. Tenn.

Mar. 22, 2017), affirmed at 2017 WL 4764472 (6th Cir. Sept. 26,

2017) ("[A]ctions taken . . . during the course of criminal

proceedings . . . clearly are within . . . the scope of the[]

[judge's] judicial function").

---

abrogated right to effectiveness of counsel, violated petitioner's due-process
rights; (o) denied the petitioner a fair trial; and (p) denying access to
exculpatory testimony.

[16] Seeking $2,500,000 from Chancellor Jenkins, Plaintiff's Complaint alleges the
following (all errors in original):

(a) conspiracy to stop the plaintiff from hiring an experience tax attorney for
the federal case (2:16-cr-2o247-JTF), buy issuing and illegally fiat to seizes
seventy-three thousand dollars and eighty nine cents ($73,033.89), from the
plaintiffs business account without cause (Case No. C-17-0002), (b) the Chancery
Court Clerk and Master did not properly deposited the funds through
interpleader, (c) intentionally fraudulent practices, in violation of Tenn. Code
Ann. _ 40-33-204(c)(1); (d) the Court paid $19,000, to the special master
without any  notice and without this matter being settled; (e) this was a
government account; (f) Fifth Amendment Right, due process violation; (g)
Chancery Court prejudiced the defendant; (h) violated T.C.A. _ 40-33-201; and
(i) fraud.

A judge will not be deprived of immunity because the action the judge took was in error, was done maliciously, or was in excess of the judge's authority. Stump, 435 U.S. at 356. Absolute judicial immunity cannot be defeated by allegations of bribery or corruption. See Dennis v. Sparks, 449 U.S. 24, 28–29 (1980) (affirming judicial immunity on allegations "that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge").

Absolute judicial immunity is abrogated *only* for non-judicial acts and acts a judge takes in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (per curiam). "A judge acts in the complete absence of all jurisdiction only if the matter upon which the judge acts is clearly outside the subject matter of the court over which the judge presides." Wellman v. PNC Bank, 508 F. App'x 440, 443 (6th Cir. 2012) (per curiam).

Plaintiff's allegations against Judge Fowlkes arise from actions that Judge Fowlkes took in his judicial capacity during Plaintiff's criminal trial and sentencing. See Lucas, 2017 WL 1088300, at *5. The Complaint contains no facts from which to infer that Judge Fowlkes lacked jurisdiction over Plaintiff's trial or sentencing. Presiding over criminal proceedings is within the scope of Judge Fowlkes' jurisdiction and is precisely the type of circumstance to which absolute judicial immunity applies.

28

Plaintiff's unsubstantiated allegations that Judge Fowlkes
committed errors during the criminal trial or engaged in
"conspiracy" do not affect his judicial functions or his absolute
immunity from civil liability.

Plaintiff's allegations against Chancellor Jenkins arise from
actions that Chancellor Jenkins took in his judicial capacity
during a proceeding in the Shelby County Chancery Court when
allocating disputed accounts receivable for Plaintiff's business.
See Antoine, 508 U.S. at 435-36. The Complaint contains no facts
from which to infer that Chancellor Jenkins lacked jurisdiction
over the Chancery Court proceeding, and Plaintiff's unsupported
allegations that Chancellor Jenkins committed error, was engaged
in a conspiracy, or engaged in illegal conduct do not abrogate the
Chancellor's absolute immunity from civil liability.

### b.    Absolute Prosecutorial Immunity: Griffin and Brooks

Plaintiff sues the two prosecutors from his 2017 federal
criminal trial: Griffin, who was an Assistant U.S. Attorney at the
time of the trial, and Brooks who was a Trial Attorney at the
Department of Justice's Tax Division.[17]

---

[17] Seeking $10,000,000 from lead prosecutor Griffin and $9,000,000 from Brooks,
the Complaint alleges that "the prosecutors" engaged in the following wrongdoing
(all errors in original):
(a) did Not summons the petitioner to the grand jury hearing; (b) issued a bad
indictment; (c) executed an illegal R.I.C.O.; (d) made too many picks for
jurors; (e) witnesses lied under oath, with bogus evidence; f) witness tampering
and intimidation; (g) Misconduct; (h) conspiracy; (i) fraud; (j)they heard the
defense attorney tell the court that he was lying, and they said or did nothing;
(k) superseded the indictment after trial; (l) gave testimony immunity to their
witness but Not for the defense witness; (m) told defense attorney to mirandize

Prosecutors are entitled to absolute immunity when initiating and pursuing criminal prosecutions in their role as advocates for the government. Imbler v. Pachtman, 424 U.S. 409, 427, 430-31 (1976). In that role, "[p]rosecutors . . . are tasked with equipping judges and juries to accurately determine a defendant's guilt[,]" and "that task necessarily entails making judgment calls as to how pre-trial matters are handled, trials are conducted, witness are used, and evidence is presented." Price v. Montgomery Cty., 72 F.4th 711, 719 (6th Cir. 2023).

A prosecutor will not be deprived of immunity for "'*unquestionably* illegal or improper conduct,' including instances where a defendant is genuinely wronged." Price, 72 F.4th at 719 (quoting Cady v. Arenac Cty., 574 F.3d 334, 340 (6th Cir. 2009)) (emphasis added); see. e.g., Imbler, 424 U.S. at 413 (holding that a prosecutor accused of knowingly presenting false testimony at trial is protected by absolute immunity); Koubriti v. Convertino, 593 F.3d 459, 467 (6th Cir. 2010) ("[P]rosecutors have absolute immunity from civil liability for the non-disclosure of exculpatory information at trial.").

Prosecutorial immunity is abrogated *only* when prosecutors' actions do not stem from the prosecutor's "role as advocate for the State" and are not "intimately associated with the judicial

---

defense witness; (n) brady violation; (o) admitted evidence that was totally without relevance; p) coerced witnesses to lie under oath; (q) made two closing remarks and only one for the defense; (r) interference of defendant's compulsory process rights; and (s) miscarriage of justice

phase of the criminal process." <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993); <u>Burns v. Reed</u>, 500 U.S. 478, 491 (1991). When prosecutors perform "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings[,]" they are "not entitled to absolute immunity." <u>Buckley</u>, 509 U.S. at 273 (citing <u>Burns</u>, 500 U.S. at 494-96).

Plaintiff's allegations about Defendants Griffin and Brooks' conduct relate to the prosecutors' handling of evidence and witnesses, their advocacy before the grand jury to secure an indictment, and their prosecution of claims at trial to secure a conviction. All of the challenged conduct is "intimately associated with the judicial phase of the criminal process" and closely related to the initiation and pursuit of Plaintiff's criminal prosecution, for which the Defendants are shielded from liability by prosecutorial immunity.

The Complaint does not allege any facts that negate Griffins and Brooks' absolute immunity. Plaintiff does not allege conduct by Griffin and Brooks that was outside an "integral part of the judicial process." <u>Imbler</u>, 424 U.S. at 430. Plaintiff's allegations of "misconduct", "fraud" and "conspiracy" by Griffin and Brooks do not deprive them of absolute immunity from civil liability.

**c.    Absolute Witness Immunity: Williams and Burton**

31

Plaintiff sues two of the prosecution witnesses from his 2017 criminal trial: Internal Revenue Service (IRS) agent Betty Williams and State Department of Tennessee employee Nathan Burton.[18]

Witnesses who testify at trial are entitled to absolute immunity from suit based on that testimony. Briscoe v. LaHue, 460 U.S. 325, 330-34 (1983); Spurlock v. Satterfield, 167 F.3d 995, 1001 (6th Cir. 1999) ("It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings."). Government officials and employees who testify as part of their official duties are afforded absolute testimonial immunity like any private witness. See Briscoe, 460 U.S. at 342-43.

---

[18] Seeking $8,000,000 from Williams, the Complaint alleges that Williams engaged in the following wrongdoing at the federal criminal trial (all errors in original):
17. On or about December 4-8, 2017, during the Plaintiff Federal trial, (No.2:16-cr-24207MTF) Betty Williams, Revenue Agent a government witness from Internal Revenue Service, (IRS) in violation of 18 U.S.C. 1621 and 18 U.S.C. 1001, when she gave false statement under oath.
18. Williams told the court and the jury that the business was behind in business taxes and therefore didn't qualify for an offer in compromise (OIC) from IRS.
19. Williams also had bogus evidence (941's forms) that had the Plaintiff signature on them but wasn't signed by the Plaintiff. The signatures were copied and pasted on those forms, in violation of 18 U.S.C. § 1519.

Seeking $6,000,000 from Burton, the Complaint alleges that Burton engaged in the following wrongdoing at the federal criminal trial (all errors in original):
20. Nathan Burton, Tennessee State Department Employee also a government witness from Tennessee State Department, told the court and the jury that the Plaintiff applied for an LLC from the Tenn. State Dept. in 2007 and 2008, which was a false statement in violated of 18 U.S.C. §1621 and 18 U.S.C. §1001.
21. Burton had LLC forms from 2007 and 2008 with the Plaintiff signature on them but the Plaintiff didn't sign them. The signatures were copied and pasted on those forms, in violation of 18 U.S.C. §1519.

A witness is "insulated from liability for any testimony that
he provided at trial, no matter how egregious or perjurious that
testimony [is] alleged to have been." Spurlock, 167 F.3d at 1001
(affirming absolute immunity for law enforcement officer witness
who gave false testimony at criminal trial); see also Briscoe, 460
U.S. at 340, 345-46 (government official alleged to have falsely
testified against criminal defendant leading to unjust conviction
entitled to absolute immunity for his testimony).

Absolute witness immunity is abrogated only for non-
testimonial acts. Spurlock, 167 F.3d at 1004 (holding that
"[defendant] is not entitled to absolute testimonial immunity for
the alleged non-testimonial acts that occurred outside the
judicial proceeding").

Plaintiff's allegations against Williams and Burton are based
on the testimony they gave at Plaintiff's criminal trial for which
they are absolutely immune as witnesses engaged in testimonial
acts. The Complaint alleges no non-testimonial acts by the
Defendants to which witness immunity would not extend. Plaintiff's
allegations that Williams and Burton made "false statements under
oath" and gave "bogus evidence" on the stand do not abrogate their
immunity.

Even if Plaintiff were able to establish irrefutably that the
judge, prosecutor, and witness Defendants he names in his
Complaint violated federal constitutional and statutory rights

33

that could normally be vindicated under § 1983 or <u>Bivens</u>,
Plaintiff still could not sue those Defendants for damages because
they are absolutely immune from suit under well-settled Supreme
Court precedent.

All of Plaintiff's claims against all the immune Defendants
are legally frivolous. The Court lacks subject matter jurisdiction
over them. <u>See</u> <u>Odom</u>, 2000 WL 1176883, at *2 ("[T]he district court
correctly dismissed [Plaintiff's] action for lack of subject-
matter jurisdiction . . . [Plaintiff's] complaint is frivolous
since all of the named defendants are immune from liability.")

### 3.  Plaintiff's § 1983 and <u>Bivens</u> Claims Against Private Parties are Legally Frivolous

Plaintiff's remaining claims are against the attorneys who
represented him at the federal trial and associated proceedings
(including an appeal and a habeas petition), Quinn, Stegall, and

Miller,[19] and the attorneys who represented him in the Shelby

County Chancery proceeding, Wilkins and Sanders.[20]

---

[19] Seeking $8,000,000 from Quinn, the Complaint alleges that Quinn (all errors in original):
(a) was ineffective and a conflict of interest arose; (b) conspiracy; (c) fraud; (d) failed to argue PTSD at pre-trail; (e) failed to use subpoena power; (f) told the Court that he lied about the handwriting expert answer; (g) received funds to hire the expert but did Not hire him theft of government funds; (h) continue to say to defendant they are going to bury you and there is nothing we can do about it; (i) failed to call the U.S. Veteran Affairs Doctor to give testimony at trial; (j) did Not appeal the trial after he was instructed to by the petitioner several times; (k) failed to investigate, collect vital evidence, and interview vital witnesses; (l) knew government witnesses were lying under oath with bogus evidence and said nothing; (m) continue to hound defendant to accept plead deal and avoid trial; (n) knew defendant was innocent and wanted to maintain his innocence's; (o) he got upset when defendant refuse to accept a plea and begin to badger the defendant; (p) drove the defendant out of his mind with the harassment and pressure to take a plea deal; (q) did Not asks certain question of government witnesses after defendant begged him to; (r) failed to address government interference of defendant's compulsory process rights; (s) did Not know tax laws; (t) submitted documents to Sixth Circuit Appeals without defendant knowledge or approval; (u) knew about the illegal superseded indictment and said nothing; (v) did Not protect defendant's mental status; (w) prejudice the defendant; (x) breach of fiduciary duty; and (y) breach of contract.

Seeking $7,000,000 from Stegall, the Complaint alleges that Stegall (all errors in original):
(a) filed documents to the Sixth Circuit Court of Appeals without defendant knowledge nor his approval; (b) did Not give defendant copies of what was filed; (c) did Not return any of the defendant's phone calls, emails nor letter for months when the defendant was incarcerated; (d) was ineffective and a conflict of interest arose; (e) conspiracy; (f) submitted a brief to 6th Cir. that was Not fully developed; (g) also knew about the illegally superseded and sealed indictment; and (h) did Not give the defendant a copy of the indictment nor the conviction; (i) fraud, (j) breach of fiduciary duty; and (k) due process violation.

Seeking $2,500,000 from Miller, the Complaint alleges that Miller (all errors in original):
(a) submitted the § 2241 motion (wrong motion) but did Not give defendant copies of the complete file; (b) was ineffective, and a conflict of interest arose; (c) conspiracy; (d) did Not petition for an evidentiary hearing; (e) did Not perfect the appeal before withdrawal; (f) did Not give defendant copies of the indictment nor the conviction; (g) also knew about the illegal superseded and sealed indictment after trial, (h) fraud, (i) breach of fiduciary duty; (j) due process violation; and (k) breach of contract.
[20] Seeking $6,000,000 from Wilkins and $2,500,000 from Sanders, the Complaint makes the following identical allegations as to each Defendant (all errors in original):
(a) conspiracy to stop the plaintiff from hiring an experience tax attorney for the federal case, (b) did Not try to stop the Chancery Court Judge from seizing the plaintiff funds, (c) did Not try to get the funds back after the special master report on June 15, 2017, (d) breach of contract, (e) breach of fiduciary

Plaintiff brings his claims against these Defendants under § 1983 and <u>Bivens</u>. The Court need not address whether Plaintiff has successfully established that the attorney Defendants violated constitutional or federal statutory rights that might be vindicated through a damages suit under § 1983 or a <u>Bivens</u> claim. Private parties, including attorneys, do not act under the color of state or federal law, as required to sustain either cause of action. Plaintiff's claims against the attorney Defendants, like Plaintiff's claims against the absolutely immune Defendants, are based on an "indisputably meritless legal theory" and warrant *sua sponte* dismissal for lack of subject matter jurisdiction. See <u>Neitzke</u>, 490 U.S. at 327.

### a.    § 1983 Claims Against Private Parties

Section 1983 provides a cause of action against *state and local officials* for violations of federal constitutional and statutory rights. Under § 1983, a plaintiff must allege that the plaintiff's rights were violated by a person "acting under color of state law." <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful [.]" <u>American Mfrs. Mut. Ins. Co. v.</u>

---

duty, (f) ineffective assistance of counsel, (g) conflict of interest, (h) violation of Tennessee Consumer Protection Act, (i) quantum meruit; (j) due process violation; and (k) fraud.

Sullivan, 526 U.S. 40, 50 (1999) (quotation marks and citations
omitted); see Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir.
1999) ("A § 1983 plaintiff may not sue purely private parties.");
Krukemyer v. Forcum, 475 F. App'x 563, 566 (6th Cir. 2012)
("[T]here is no constitutional right to be free from harm
inflicted by private actors.").

For purposes of § 1983, it is well-established that private
attorneys are not state or local officials and that their actions
in representing private clients in state and local courts do not
constitute state action. See Polk Cnty. v. Dodson, 454 U.S. 312,
318 (1981) ("[A] lawyer representing a client is not, by virtue of
being an officer of the court, a state actor 'under color of state
law' within the meaning of § 1983."); Krukemyer, 475 F. App'x at
566 ("It is well-settled that a lawyer representing a private
client is not a state actor acting 'under color of state law.'").

That attorneys are licensed by states does not transform them
into government officials. Dodson, 454 U.S. at 319 n.9 ("Although
lawyers are generally licensed by the States, 'they are not
officials of government by virtue of being lawyers.'") (quoting In
re Griffiths, 413 U.S. 717, 729 (1973)). Attorneys who are court-
appointed or public defenders, rather than privately retained, are
not transformed into state actors who act under the color of state
law while performing their traditional function of representing a
client. See Dodson, 454 U.S. at 325 ("[A] public defender does not

37

act under color of state law when performing a lawyer's
traditional function as counsel to a defendant in a criminal
proceeding."); Floyd v. Cnty. of Kent, 454 F. App'x 493, 497 (6th
Cir. 2012) ("Defense attorneys, whether compensated by the State
or retained by a client, do not act under color of state law when
they perform a lawyer's traditional functions as counsel to the
accused in a criminal proceeding.")

Here, the attorney Defendants are private actors and their
conduct – and their alleged misdeeds – in representing Plaintiff
in federal and state court is private conduct for which Plaintiff
may not sue them under § 1983. Plaintiff has not alleged that any
of the attorney Defendants acted under the color of state law.
Defendants Wilkins and Sanders represented Plaintiff in Shelby
County Chancery Court. They are not transformed from private
actors to state or local officials because they were licensed by
the state or represented Plaintiff in state court. There is not
even a remotely plausible case that Defendants Quinn, Stegall, and
Miller, who represented Plaintiff in the federal court, acted
under the color of state law.

### b.  __Bivens__ Claims Against Private Parties

For largely analogous reasons, Plaintiff may not sue any of
the attorney Defendants under Bivens.

A Bivens claim is a limited cause of action against
individual *federal officers or agents* for violations of certain

38

constitutional rights. <u>Fed. Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 484-86 (1994); <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 66-70 (2001) ("The purpose of <u>Bivens</u> is to deter individual federal officers from committing constitutional violations."). Under <u>Bivens</u>, a plaintiff must allege that his rights were violated by a person "acting under color of federal law." <u>Left Fork Min. Co., Inc. v. Hooker</u>, 775 F.3d 768, 774 (6th Cir. 2014). Just as a § 1983 claim is not intended to reach private conduct by private parties, a <u>Bivens</u> claim is not intended to reach private conduct by private parties.

Just as a private attorney representing a client in state or local court does not act under the color of state law for purposes of a civil rights action under § 1983, "a private attorney [representing a client in federal court] . . . do[es] not act under color of federal law for purposes of a <u>Bivens</u> action." <u>Bradford v. Shankman</u>, No. 85-5150, 1985 WL 13659, at *1 (6th Cir. Aug. 12, 1985) (citation omitted); <u>see</u> <u>Willhite v. Arrants</u>, No. 2:23-CV-95-TAV-JEM, 2023 WL 11915398, at *3 (E.D. Tenn. Aug. 8, 2023) (rejecting plaintiff's argument that the attorney defendants became federal actors by representing her in federal court).

Just as an attorney appointed to represent a client in state or local court is not transformed into a state official for purposes of § 1983, "an attorney is not transformed into a federal official for purposes of a <u>Bivens</u> action merely because he is

appointed by a federal court pursuant to federal law." Pagani-
Gallego v. Escobedo, No. 97-1640, 1998 WL 381562, at *1 (6th Cir.
June 23, 1998); see Bradford 1985 WL 13659, at *1 ("[A] federal
public defender do[es] not act under color of federal law for
purposes of a Bivens action.").

As explained above, the attorney Defendants are private
actors and their representation of Plaintiff is private conduct
for which Plaintiff may not seek damages under Bivens. Plaintiff
has not alleged – nor could he convincingly do so – that
Defendants Quinn, Stegall, and Miller acted under color of federal
law by representing Plaintiff in federal proceedings or, in the
case of Quinn and Stegall, by being appointed to represent
Plaintiff. Plaintiff has not alleged that Defendants Wilkins and
Sanders, who represented him in state court, acted under color of
federal law, nor is there a remotely plausible case for doing so.

Plaintiff's § 1983 and Bivens claims against the attorney
Defendants, who are private parties and did not act under color of
state or federal law, are legally frivolous and merit dismissal
under 12(b)(1). See, e.g., Hall v. Board, No. 24-3797, 2025 WL
2639656, at *3 (6th Cir. Apr. 17, 2025) ("Because [attorney
defendants] are not 'state actors' capable of being sued under §
1983, [plaintiff's] claims against these defendants are patently
meritless and therefore subject to dismissal under Apple."); Hamp
v Craig, No. 89-6193, 1990 WL 47533, at *1 (6th Cir 1990)

40

(affirming dismissal of <u>Bivens</u> claim against attorney as lacking an arguable basis in law because there was no federal action).

## IV.  Conclusion

Plaintiff's Complaint is both factually frivolous, relying on implausible factual allegations, and legally frivolous, comprising claims against judges, prosecutors, and witnesses who are absolutely immune from suit and claims against private parties who do not act under the color of state or federal law as required for a § 1983 or <u>Bivens</u> claim.

The Complaint is so devoid of merit that it fails to invoke this Court's subject matter jurisdiction and, therefore, must be dismissed under 12(b)(1). <u>See</u> <u>Apple</u>, 183 F.3d at 479–80.

Plaintiff's objections (ECF No. 43.) to the Magistrate Judge's Report and Recommendation (ECF No. 41) recommending that Plaintiff's Complaint (ECF No. 16) be dismissed are OVERRULED and the findings and conclusions of the Magistrate Judge's Report are ADOPTED, as modified in this Order. The Court DISMISSES this matter WITHOUT PREJUDICE.

Plaintiff's untimely objections to the Magistrate Judge's Reports (ECF Nos. 50, 65) recommending that Plaintiff's Motions (ECF Nos. 38, 48, 59-63) be denied are deemed WAIVED, the Magistrate Judge's Reports are ADOPTED, and the Motions are DENIED. Plaintiff's remaining Motions (ECF Nos. 66, 67, 69.) are DENIED AS MOOT.

41

SO ORDERED this __*10th*__ day of February, 2026.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE